CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 13 2010

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GORDON BOWMAN, ) | |
| Petitioner, ) | Civil Action No. 7:10-cv-00357 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JOHN JABE, ) | By: Samuel G. Wilson |
| Respondent. ) | United States District Judge |

Petitioner Gordon Bowman, a Virginia inmate proceeding pro se, filed this petition, which the court filed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 because he appears to be requesting early release from prison.[1] However, upon review of his pleading, it is unclear upon what grounds Bowman believes he should be released from prison and the court cannot make sense of his claims. Therefore, the court dismisses his petition without prejudice.

I.

Bowman alleges that the Director of the Virginia Department of Corrections ("VDOC"), John Jabe, unlawfully "signed his signature . . . allowing the VDOC to enforce [Department Operating Procedure ("DOP") 861.1] upon prisoners." He further alleges that DOP 861.2 violates his rights to due process because "no state shall enforce any rule or regulation upon a citizen . . . ." He argues that DOP 861.1 is "without color of law because a[] U.S. District Court Judge['s] signature isn't upon it in red, black []or white" and that the "VDOC is prohibited the care, custody, or control of prisoners in this Commonwealth [or] to make or enforce any rule or regulation upon prisoners." As relief, Bowman requests the court direct Jabe to release Bowman to the custody of the Virginia State Police who should then transfer him to the Patrick County Jail (in Stuart, Virginia) who should then

---

[1] The court notes that such relief is not available in a civil rights action pursuant to 42 U.S.C. § 1983).

release him from custody to supervision.

## II.

Section 2254 provides a remedy for a prisoner, in custody pursuant to a state court judgment, who is in custody in violation of the Constitution or laws or treaties of the United States. § 2254(a). To the extent Bowman may wish to challenge the constitutionality of his original conviction for which he is confined, he must file a habeas petition in the Eastern District of Virginia.[2] To the extent Bowman wishes to raise some other constitutional claim, the court cannot discern any comprehensible constitutional claim from his pleading. Therefore, the court dismisses his petition without prejudice.

## III.

Based on the foregoing, the court dismisses Bowman's habeas petition without prejudice.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to the petitioner.

ENTER: This 13th day of August, 2010.

United States District Judge

---

[2] The court takes notice that Bowman's conviction of confinement was from the Prince Edward County Circuit Court, as indicated in a previous case filed by Bowman. See Bowman v. Watson, Civil Action No. 7:08cv00027 (W.D. Va)